**CHUN–JIN LI, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 07–2858–ag.

United States Court of Appeals, Second Circuit.

Feb. 26, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Dehai Zhang, Flushing, New York, for Petitioner.

Jeffrey S. Bucholtz, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Mona Maria Yousif, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROGER J. MINER, Hon. CHESTER J. STRAUB, Circuit Judges.

**SUMMARY ORDER**

Petitioner Chun–Jin Li, a native and citizen of the People's Republic of China, seeks review of a June 20, 2007 order of the BIA affirming the December 1, 2005 decision of Immigration Judge ("IJ") Douglas B. Schoppert, denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chun–Jin Li,* No. A98 349 456 (B.I.A. Jun. 20, 2007), *aff'g* No. A98 349 456 (Immig. Ct. N.Y. City Dec. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Substantial evidence supports the IJ's determination that Li was not credible, as it was properly based on inconsistencies in the record concerning the basis of Li's claims for relief. First, the IJ properly relied on his finding that Li's testimony regarding his departure to Cambodia and subsequent detention by Chinese government officials was omitted from his asylum application statement. Although we have

held that asylum applicants are not required "to list every incident of persecution on their I–589 statements," *Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir.2006), here, we find that Li's omission is substantial enough to support an adverse credibility finding, *Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). We note that Li's statement was three pages long and written with some level of detail. In that statement, Li claimed that he was warned by the police "not [to] leave town without permission," yet he testified that he did leave China in 2002 and, as a result of his unlawful departure, was detained and beaten. Under such circumstances, it was reasonable for the IJ to expect Li to have included his alleged detention and beating in his asylum application. *See id.* Furthermore, the IJ did not err in declining to credit Li's explanations for this omission, as they were shifting and unconvincing. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Second, the IJ properly relied on his finding that Li's household register, which listed his father's occupation as "farmer," was inconsistent with his testimony that his father worked as a stoneworker. This was a material inconsistency that goes to the heart of Li's claim, which was based almost entirely on alleged events related to his father's employment as a stoneworker. *See Secaida–Rosales,* 331 F.3d at 308. Moreover, the IJ was not required to "expressly parse or refute" Li's confusing and non-responsive explanations for this inconsistency, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir. 2006), nor was he required to credit them, *see Majidi,* 430 F.3d at 80–81.

Third, the IJ properly relied on his finding that Li was non-responsive to the questions posed by the IJ and by the Government's attorney. Such assessments of an asylum applicant's demeanor are afforded substantial deference, particularly where, as here, the IJ supported his findings with specific examples. *See Majidi,* 430 F.3d at 81 n. 1; *see also Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir.2006) (noting that the court was "still more confident" in affirming a demeanor finding that is supported by specific examples of inconsistent testimony).

The IJ noted other inconsistencies in the record. He found that Li testified that he was arrested by "undercover police officers," while his asylum application stated that "two uniformed policemen took [him] to the station and locked [him] up." He also found that Li testified that the other signatory to the complaint letter to the government had also been detained for twenty-four hours, while his asylum application omitted that assertion. While these inconsistencies are arguably ancillary to Li's claims, their cumulative effect provides further support for the IJ's adverse credibility finding. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

Li argues that the IJ failed to consider that he was beaten by government officials. However, the IJ took into account Li's testimony as to his beating in concluding that Li was not credible and, therefore, that his assertion that he was beaten could not be credited. *See Secaida–Rosales,* 331 F.3d at 307. Accordingly, Li's argument fails, and the IJ's dispositive adverse credibility determination is affirmed. Because the only evidence of a threat to Li's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief.[2] *See Paul v. Gonzales,* 444 F.3d

---

2. While Li argues that the IJ failed to consider his CAT claim, the IJ's decision explicitly

148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

found that Li had not "established eligibility for Relief under the Convention Against Torture" because he was not credible.

